IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HAL LEE WEST, )<br>)<br>   Plaintiff, )<br>)<br>vs. )<br>)<br>THOMAS BEAUCLAIR, JEFF )<br>CONWAY, SGT. DOSER, ASSISTANT )<br>WARDEN VALDEZ, CORRECTIONS )<br>CORPORATION OF AMERICA, )<br>)<br>   Defendants. )<br>_____) | Case No. CV05-514-S-MHW<br><br>**MEMORANDUM ORDER** |

  Pending before the Court in this prisoner civil rights action are Defendant Thomas Beauclair's Motion to Dismiss (Docket No. 13) and Plaintiff's Motion to Clarify (Docket No. 37). All parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case (Docket No. 22). Having reviewed the record, and having considered the arguments of the parties, the Court enters the following Order.

**MEMORANDUM ORDER  1**

## I.

## REVIEW OF BEAUCLAIR'S MOTION TO DISMISS

**A.     Background**

Plaintiff is an inmate in the custody of the Idaho Department of Correction (IDOC).  A correctional officer found a sharpened four-inch needle taped to Plaintiff's cell vent.  Plaintiff was issued and found guilty of a Disciplinary Offense Report (DOR) based on the correctional officer's testimony and credibility.  Plaintiff alleges that was not allowed to see the needle or other evidence, that he was not allowed to call witnesses, and that his request for a staff member to help him defend the DOR was denied.  Plaintiff alleges that he is innocent of the DOR.

Plaintiff asserts that he was denied his due process rights at the disciplinary offense hearing.  Plaintiff was given five days of detention and twenty hours of extra duty work as sanctions.  He also asserts that he suffered a nervous breakdown, was hospitalized, lost his job, was reclassified, and that his parole eligibility was potentially diminished, among other injuries.

Plaintiff filed a Grievance regarding the above incident.  After his Grievance was denied, he appealed to IDOC Director Beauclair.  Defendant Beauclair denied Plaintiff's appeal.

**MEMORANDUM ORDER  2**

## B.     Applicable Law and Discussion

Defendant Beauclair seeks dismissal of Plaintiff's claims against him.  A complaint should not be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Durning v. First Boston Corp*., 815 F.2d 1265, 1267 (9th Cir. 1987) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  In reviewing a case for dismissal, the Court is required to treat all allegations of material fact as true and to construe them in a light most favorable to the non-moving party.  *Id.* (quoting *Western Reserve Oil & Gas Co. v. New*, 765 F.2d 1428, 1430 (9th Cir. 1985), *cert. denied*, 474 U.S. 1056 (1986)).

To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute *proximately caused* by conduct of a person acting under color of state law.  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  In *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989), the court outlined the requirements for a finding of proximate causation:

> Liability under section 1983 arises only upon a showing of personal participation by the defendant.  *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979).   A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under section 1983.

In addition, a plaintiff may seek injunctive relief from officials who have direct responsibility in the area in which relief is sought.  *See Rounds v. Oregon State Bd. Of*

**MEMORANDUM ORDER  3**

*Higher Education*, 166 F.3d 1032, 1036 (9th Cir. 1999); *Ex parte Young*, 209 U.S. 123, 157-58 (1908).

Here, Plaintiff alleges that his due process rights were violated during or as a result of a disciplinary offense hearing.  After the hearing, and after filing a Grievance, Plaintiff appealed to Director Beauclair.  Beauclair denied the appeal.  *See Complaint Exhibits*, at p. 40 (Docket No. 3).  At the time of Plaintiff's appeal to Director Beauclair, the act which constituted the alleged violation had been completed.  Plaintiff has not provided any facts alleging that Director Beauclair caused the due process violations at the DOR hearing.

Rather, Plaintiff alleges only that Beauclair "is responsible for the daily operations and implementation of policies and procedures that govern the Idaho Department of Corrections and is responsible for the actions and inactions of all contracted companies and employees contracted thereto."  Respondeat superior is not a viable theory in a civil rights action.  *Taylor v. List*, 880 F.2d at 1045.  When a supervisor is named as a defendant, the plaintiff must show a causal link between the defendant and the claimed constitutional violation.  *See Fayle v. Stapley*, 607 F.2d at 862.  Plaintiff has provided no facts showing that Beauclair "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  *Id*.

Neither has Plaintiff shown that an independent cause of action lies for Beauclair's failure to grant relief on Plaintiff's appeal from his DOR guilty finding.  The law is clear that "[t]here is no legitimate claim of entitlement to a [prison] grievance procedure."

**MEMORANDUM ORDER  4**

*Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988), *cert. denied*, 488 U.S. 898 (1988); *see Sandin v. Connor*, 515 U.S. 472 (1995) (noting that liberty interests are generally limited to freedom from restraint). As one court explained, "liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon a 'mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Rather, where defendants' "only roles in [a civil rights] action involve the denial of administrative grievances or the failure to act. . . they cannot be liable under § 1983."

Defendant Beauclair is no longer the director of the IDOC. Therefore, his presence in this case is not needed to effectuate injunctive relief, if any is ordered. As a result of all of the foregoing, the Court concludes that Plaintiff has failed to state a claim against Defendant Beauclair, and that Defendant Beauclair is entitled to dismissal of Plaintiff's claim.

Plaintiff asserts that he cannot adequately respond to Beauclair's Motion to Dismiss without fully completing discovery, but he continues to allege only that Beauclair "personally participated" by denying the appeal and that he is responsible as a supervisor, which are not theories upon which relief can be granted. Plaintiff has not alleged, nor has he stated, that he believes evidence exists to show that Beauclair had anything to do with the alleged violations at the DOR hearing. Beauclair's Motion has been pending for nearly a year, and Plaintiff has failed to discover anything to date to support any personal participation of Beauclair in the DOR hearing. Nevertheless, should Plaintiff discover facts during the discovery period that Beauclair had anything to do with

**MEMORANDUM ORDER  5**

the DOR hearing, Plaintiff may file a motion to reconsider this Order.

## II.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant Beauclair's Motion to Dismiss (Docket No. 13) is GRANTED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion to Clarify (Docket No. 37) is DENIED.  Plaintiff shall contact the nonparty medical providers directly if he cannot read the medical records provided no him.

IT IS FURTHER HEREBY ORDERED that the following pretrial schedule shall govern this action:

1. **Completion of Discovery and Requests for Subpoenas:**  All discovery shall be completed on or before **May 31, 2007.**  Discovery requests must be made far enough in advance to allow *completion* of the discovery in accordance with the applicable federal rules *prior* to this discovery cut-off date.  The Court is not involved in discovery unless the parties are unable to work out their differences as to the discovery themselves.  In addition, all requests for subpoenas duces tecum (production of documents by nonparties) must be made by **April 30, 2007.**  No requests for subpoenas duces tecum will be entertained after that date.

**MEMORANDUM ORDER  6**

2. **Depositions**:  Depositions, if any, shall be completed on or before **May 31, 2007.**  If Defendants wish to take the deposition of Plaintiff or other witnesses who are incarcerated, leave to do so is hereby granted.  Any such depositions shall be preceded by ten (10) days' written notice to all parties and deponents.  The parties and counsel shall be professional and courteous to one another during the depositions.  The court reporter, who is not a representative of Defendants, will be present to record all of the words spoken by Plaintiff (or other deponent), counsel, and any other persons at the deposition.  If Plaintiff (or another deponent) wishes to ensure that the court reporter did not make mistakes in transcribing the deposition into a written form, then he can request the opportunity to read and sign the deposition, noting any discrepancies between what is transcribed and what he believes he said.  If Plaintiff wishes to take depositions, he must file a motion requesting permission to do so, specifically showing his ability to comply with the applicable Federal Rules of Civil Procedure by providing the names of the proposed persons to be deposed, the name and address of the court reporter who will take the deposition, the estimated cost for the court reporter's time and the recording, and the source of funds for payment of the cost.

3. Motion to Reconsider.  Should Plaintiff desire to file a motion to reconsider this order, he shall do so no later than **June 29, 2007.**  Defendant(s) may

**MEMORANDUM ORDER  7**

file a response no later than **July 18, 2007.**

4. **<u>Dispositive Motions</u>:**  All motions for summary judgment and other potentially dispositive motions shall be filed with accompanying briefs on or before **July 31, 2007.**  Responsive briefs to such motions shall be filed within thirty (30) days after service of motions.  Reply briefs, if any, shall be filed within fourteen (14) days after service of responses.  All motions, responses, and replies shall conform to Rule 7.1 of the Local Rules for the District of Idaho.  **Neither party shall file supplemental responses, replies, affidavits, or other filings not authorized by the Local Rules without prior leave of Court.  No motion or memorandum, typed or handwritten, shall exceed 20 pages in length.**



DATED:  **February 15, 2007**

_____
Honorable Mikel H. Williams
United States Magistrate Judge

**MEMORANDUM ORDER  8**